NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOURDES LEFEVRE, as an individual and on behalf of all employees similarly situated,

Plaintiff-Appellee,

v.

FIVE STAR QUALITY CARE, INC., a Maryland Corporation,

Defendant-Appellant.

No.    16-55059

D.C. No. 5:15-cv-01305-VAP (SPx)

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 16, 2017**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:   NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,*** District Judge

Five Star Quality Care, Inc. appeals the district court's order denying its motion to compel arbitration of Lourdes Lefevre's representative claims under California's Private Attorney General Act ("PAGA").   Reviewing the order *de novo*, *see Kilgore v. Keybank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) (citation omitted), we affirm.

1. Lefevre argues that this Court lacks jurisdiction to hear this appeal because the district court has yet to hold an evidentiary hearing on whether she signed the arbitration agreement in this case.   But because the district court issued an order denying arbitration of Lefevre's PAGA claims, this Court has jurisdiction to hear the appeal under 9 U.S.C. § 16(a).

2. Five Star argues that the district court erred in determining that California, not Maryland, contract law governs whether a PAGA waiver is enforceable.   To evaluate whether the arbitration agreement's choice-of-law clause was enforceable, the district court applied the principles set forth in Section 187 of the Restatement (Second) of Conflict of Laws.   *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.

***     The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

2

4th 459, 465–66 (1992). Applying the choice-of-law principles of the forum state, California, the district court reasoned that application of Maryland law would be contrary to a fundamental policy of California, which encourages private enforcement of labor code violations. California, which does not recognize contractual waivers of PAGA claims, has a materially greater interest in applying its law to an employment contract involving work performed in California than does Maryland. Therefore, the district court was correct to apply California rather than Maryland law when deciding whether the PAGA waiver was enforceable.

3. Five Star argues that *DirecTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015), abrogated *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015), and *Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal. 4th 348 (2014), which find PAGA waivers unenforceable. We disagree; *Imburgia* is not "clearly irreconcilable" with *Sakkab* or *Iskanian*. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Imburgia* simply held that a California court failed to place arbitration contracts "on equal footing with all other contracts" when it interpreted a choice-of-law provision in an arbitration agreement. 136 S. Ct. at 468–71 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440,

3

443 (2006)). *Sakkab* and *Iskanian*, in contrast, directly addressed the validity of PAGA waivers in arbitration agreements. *Sakkab*, 803 F.3d at 431–40; *Iskanian*, 59 Cal. 4th at 378–89. Therefore, neither case is undermined by *Imburgia*.

**AFFIRMED**.